## U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 09-05399

## ORDER DENYING MOTION TO DISMISS

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**10/14/2009**



US Bankruptcy Court Judge
District of South Carolina

Entered: 10/15/2009

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 09-05399-DD |
| | |
| David Smith and | Chapter 13 |
| Linda M. Smith, | |
| | **ORDER DENYING MOTION TO** |
| Debtor(s). | **DISMISS** |

THIS MATTER is before the Court on Larry E. Jackson and Shirley C. Jackson's ("Creditors") Motion to Dismiss ("Motion"). Creditors' Motion was made pursuant to 11 U.S.C. § 1307(c) and Fed. R. Bankr. P. 1017 and 9014.[1] The debt due Creditors is secured by an installment contract of sale between Creditors and David Smith and Linda Smith ("Debtors") concerning the real property located at 802 Trecer Road, Cope, South Carolina. A hearing was held in this matter on September 21, 2009. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Rules 7052 and 9014, the Court makes the following findings of fact and conclusions of law.

## *FINDINGS OF FACT*

Debtors filed their current bankruptcy by voluntary petition under chapter 13 of the Bankruptcy Code on July 23, 2009. This is Debtors third chapter 13 bankruptcy filing. Debtors' first chapter 13 case was filed on August 9, 2000 and dismissed pursuant to SC LBR 2003-1 on October 12, 2000 for the failure of Debtors to appear at the meeting of creditors. This first filing is remote in time and is not germane to the Court's ruling on the motion to dismiss if for no reason other than that Creditors were not involved in the first case.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only and further reference to the Federal Rules of Bankruptcy Procedure will be by rule number only.

Debtors' second chapter 13 case was filed on November 5, 2008 and dismissed for non-payment on June 8, 2009. On December 9, 2008, Creditors filed an objection to Debtors' proposed chapter 13 plan because the installment contract was being treated as an executory contract in Debtors' schedules but as a secured debt in the plan and the amount set out in the plan to pay the arrearages owed Creditors was insufficient. Adding Creditors to Schedule D as a secured creditor and adjusting the amount to be paid to the Trustee resolved Creditors' objection. On January 30, 2009, Creditors filed an objection to Debtors' amended chapter 13 plan because Debtors had not paid the 2008 property taxes and Schedule J did not reflect any tax or insurance expense. This objection was resolved when Debtors paid the 2008 property taxes and filed an amended Schedule J to show the tax and insurance expenses.

Creditors also filed a Motion for Relief from Stay in the second case. On April 29, 2009, Debtors entered into a settlement order with Creditors requiring Debtors to provide proof of insurance to Creditors and ensure that no actual lapse of insurance coverage occurred. Mr. Smith testified at the hearing in this case that insurance remains in effect on the Trecer Road Property and that Creditors are listed in the policy as a loss payee and lienholder.

Debtors' contend that their second case failed because the proofs of claim filed by the Internal Revenue Service and the South Carolina Department of Revenue overstated the actual debts due. Because of the excessive amount of the tax claims, Debtors were unable to propose a successful chapter 13 plan. Apparently the Smith's common last name contributed to the error by the tax authorities. The record reflects that the tax

2

claims were withdrawn in the prior case.  However, Debtors were already delinquent in

the payments to the chapter 13 trustee and could not catch up and complete their case.

Debtors filed the current case under chapter 13 of the Bankruptcy Code within

one year of the dismissal of their previous case.  Accordingly, pursuant to § 362(c)(3)(A),

the automatic stay in Debtor's case expired thirty days after the petition date when

Debtors failed to file a motion to extend the automatic stay.  Creditors acknowledge that

no stay is in place but are concerned that a plan will be confirmed and will bind them.

Creditors state that they have no objection to confirmation, other than to question the

good faith of this petition.

## CONCLUSIONS OF LAW

Section 1307(c) provides for dismissal of a chapter 13 case or conversion of the

case to chapter 7, for cause.  Cause includes but is not limited to the reasons set forth in

§ 1307(c)(1)-(11).[2]  The filing of a chapter 13 petition in bad faith, while not an

---

[2] Section 1307 provides:

    (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

        (1) unreasonable delay by the debtor that is prejudicial to creditors;

        (2) nonpayment of any fees and charges required under chapter 123 of title 28;

        (3) failure to file a plan timely under section 1321 of this title;

        (4) failure to commence making timely payments under section 1326 of this title;

        (5) denial of confirmation of a plan under section 1325 of this title, and denial of a request made for additional time for filing another plan or a modification of a plan;

        (6) material default by the debtor with respect to a term of a confirmed plan;

        (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

        (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

        (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

enumerated ground, is cause for dismissal of a case.  *In re Alt*, 305 F.3d 413 (6th Cir.

2002); *In re Love*, 957 F.2d 1350 (7th Cir. 1992); *In re Tolbert*, 255 B.R. 214 (B.A.P. 8th

Cir. 2000); *In re Padilla*, 222 F.3d 1184 (9th Cir. 2000); *In re Gier*, 986 F.2d 1326 (10th

Cir. 1993;  *See also cases collected at* Keith M. Lundin, *Chapter 13 Bankruptcy*, 3d ed.

Appendix O (2000 & 2004 Supp).

Creditors rely on a line of cases in this district, beginning with *In re Pryor*, 54

B.R. 679 (Bankr. D.S.C. 1985), which hold that a debtor must "prove with detailed

testimony and convincing evidence his entitlement to a second (or third) opportunity" for

chapter 13 relief.  *Id.* at 681 (citing *In re Bolton*, 43 B.R. 48, 52 (Bankr. E.D.N.Y. 1984);

*see also In re Hartley*, 187 B.R. 506, 507 (Bankr. D.S.C. 1995), *In re McFadden*, 383

B.R. 386, 389 (Bankr. D.S.C. 2008).  The holding in these cases seem not to have been

directly challenged by debtors in the years since *Pryor*.  Our District Court implicitly

endorsed these cases as recently as 2006.  *See In re Bennett*, 2006 WL 1207827 (D. S.C.

May 1, 2006) (the decision of the Bankruptcy Court was affirmed because the debtor

filed a third bankruptcy petition while subject to an order dismissing the previous case

with prejudice as to re-filing for 180 days and because the debtor failed to designate a

record on appeal and file a brief).

These cases are interpreted as shifting the burden of proof to the debtor on the

issue of whether a petition was filed in good faith and establishing a second filing as a

"serial filing" that can survive only upon a showing of a substantial change in

---

2. (cont.)
(10) only on request of the United States trustee, failure to timely file the information
required by paragraph (2) of section 521; or
(11) failure of the debtor to pay any domestic support obligation that first becomes
payable after the date of the filing of the petition.

circumstances.  The "detailed testimony and convincing evidence" standard of *Pryor*

exceeds the usual preponderance of the evidence standard for a movant.  This line of

cases was intended to prevent abuse by debtors in filing for bankruptcy relief long before

the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No.

109-8-119 Stat. 23 ("2005 Amendments").

Interestingly, these cases recite facts concerning the several debtor's bad faith that

go beyond the mere second filing of a case and the absence of a change in circumstances.

In *Pryor* the debtors failed to attend the confirmation hearing in their first case, did not

take any action during the ten days following that hearing to convert the case to chapter 7

as was expressly permitted by the order denying confirmation, and they waited to file a

second case until after the creditor had proceeded with claim and delivery of the

collateral and obtained a default judgment and order for possession.  In *Hartley*, the

debtor's husband had filed two previous cases and was barred from another filing when

the wife filed a petition for relief.  Additionally the husband had sought reconsideration

of the dismissal with prejudice order in his second case but withdrew the motion when

creditor opposition to relief surfaced.  In *McFadden* the debtor was a six time filer and

the filings appeared to be timed to frustrate creditor action.  Additionally McFadden

failed to seek an extension of the automatic stay pursuant to § 362(c)(3)(B).  In *Bennett*

the debtor had consented to dismissal with prejudice for 180 days upon the filing of his

second case and the case had in fact been dismissed with prejudice as to refiling when

the debtor filed a third case during the prohibited period.

Good Faith Standard

A debtor is required to demonstrate good faith to satisfy several provisions of the Bankruptcy Code, yet the term "good faith" is not defined by the Code.  Debtors are required to propose a chapter 13 plan in good faith pursuant to § 1325(a)(3) and petitions must be in good faith under § 1325(a)(7).  A debtor who has had a case pending and dismissed during the one year period preceding the filing of his current case must demonstrate the case was filed in good faith as to the creditors to be stayed to avoid the termination of the automatic stay pursuant to § 362(c)(3).  A debtor who has had more than one case pending and dismissed during the one year preceding the filing of his current case must demonstrate the case was filed in good faith as to the creditors to be stayed in order to have the automatic stay imposed in their case under § 362(c)(4).

While a determination of "good faith" is required by these statutes, the good faith standard is not identical for each.  A chapter 13 plan must be proposed in good faith and the courts examine several factors to weigh the debtor's good faith.  *See Neufeld v. Freeman*, 794 F.2d 149, 153 (4th Cir. 1986); *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982) (providing a nonexclusive list of eight factors to determine whether a plan has been proposed in good faith under § 1325(a)(3)).  The good faith test for extending the automatic stay is a totality of the circumstances test.  *In re Thomas*, 352 B.R. 751, 756-57 (Bankr. D.S.C. 2006) (applying a totality of the circumstances test to determine good faith under § 362(c)(3) but providing a list of factors that may be relevant to such a determination).  Here the issue is dismissal pursuant to § 1307(c) because of the Debtors' asserted bad faith in filing the petition.  Previously in this district we have examined the following nonexclusive factors in connection with motions to dismiss: (1) debtor's past

6

bankruptcy filings; (2) the period of time that has elapsed between debtor's prior case and the current case; (3) debtor's pre-petition behavior; and (4) the effect of Debtor's repeated filings on creditors. *McFadden* at 389. These factors, and indeed all of the circumstances, seem relevant to the consideration of dismissal for alleged bad faith in filing a petition.

Burden of Proof

To the extent that our precedent shifts the burden of proof to the debtor upon a second filing, requires a showing of a substantial change in circumstances and imposes a heightened burden of proof, I must depart from it. Dismissal of a chapter 13 case is, by statute, for cause. "Dismissal for cause cannot mean that a debtor must show an absence of cause; it can only mean that the party moving for dismissal must demonstrate cause." *Love* at 1355 (citing *In re Klein*, 100 B.R. 1004, 1008 (N.D. Ill. 1989)). It must be remembered that, with the exception of § 109(g)[3], there is no statutory prohibition against repetitive filings and thus no reason to shift the burden of proof. Additionally, in 2005 Congress enacted a substantial revision of the Bankruptcy Code and chose to deal with perceived abuse, in part, by placing an evidentiary burden upon repetitive bankruptcy filers under § 362(c)(3), not § 1307(c). The burden of proof here is on the moving party and not the Debtors.

---

[3] Section 109(g) provides:

    (g)  Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

        (1)  the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

        (2)  the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from automatic stay provided by section 362 of this title.

Application of Law to Facts

First, the prior filing is relevant to the existence of cause for dismissal.  Prior

filings are important factors in the analysis of the Debtors' bona fides.  Debtors cannot

serially file bankruptcy cases and abuse the bankruptcy system to the detriment of

creditors without consequence.  However, the mere filing of a second case, without more,

is not enough to establish a bad faith filing.  Prior filings and all other evidence must be

considered by the court on a case-by-case basis.  "The purpose of a case-by-case, totality

of circumstances test is to allow the bankruptcy judge, who is in the best position to

evaluate the witnesses' credibility against the other evidence, to weigh the evidence in

making the good faith determinations."  *Love* at 1355.

In this case, the Court finds that Creditors failed to carry their burden of proving

that Debtors' chapter 13 petition was filed in bad faith.  An examination of Debtors' past

bankruptcy filings demonstrates that, while there have been few changes in circumstances

since Debtors' most recent prior case, the current case represents a real effort to deal with

Debtors' financial problems following resolution of unexpected tax issues.  Mr. Smith

testified that the tax claims filed against the Debtors were erroneously filed, in part,

because of Smith's common last name.  This testimony finds support in the withdrawal of

those tax claims in Debtors' previous case and in the reduced amount of debt reflected in

the proof of claim filed in this case by the Internal Revenue Service.  Mr. Smith testified

that he fell behind in the plan payments for the second case because of the impact that the

erroneous claims had on his trustee payments.[4]  This factor weighs in Debtors' favor.

---

[4] Apparently the response of Debtors' counsel and the trustee to the tax claims was to increase the plan
payment before a thorough review of the basis for the tax claim could be made.  While case administration
in chapter 13 follows a rigid time table, it is sometimes better to deal with objectionable claims
immediately rather than increase plan payments beyond the debtor's ability to pay.

The period of time between the current case and Debtors' previous case was brief, but may be excused because of the reason for the failure of Debtors' previous case. This factor is often particularly important where debtors quickly file subsequent petitions without taking action to resolve the problem that led to dismissal of the earlier case. Debtors' pre-petition behavior is not a cause for alarm and Creditors have made no suggestion that Debtors delayed Creditors outside of bankruptcy or used the intervening time for purposes of mere delay. Creditors did raise several issues concerning property taxes and homeowners insurance but Debtors provided evidence that these matters had been addressed in a timely fashion. The testimony and exhibits established for example, that one problem with the timely payment of property taxes was the billing for those taxes by the local tax authority in Creditors' names. Debtors also established that the property had consistently been protected by homeowner's insurance and that an insurance check had recently been received to cover repairs to the roof made necessary by storm damage. Finally Creditors will shortly begin receiving payments from the chapter 13 trustee designed to pay the debt to Creditors in full over the life of the plan as opposed to the payment of the arrearage through the plan as originally proposed in the previous case. Creditors have no objection to confirmation. This is not to say that a mere promise to pay is always sufficient to defeat a claim of prejudice to creditors but rather reflects a balancing of all the evidence and testimony at the hearing in this case. Additionally, Debtors have already agreed with the trustee that a dismissal of the present case will be with prejudice to the filing of another chapter 13 case for a period of one year.

The burden of proving cause for dismissal rests with the Creditors. Perhaps in part due to the precedent followed by this court concerning dismissals for second and

third filings, Creditors offered no evidence of bad faith other than the two filings and the

statement that there was no substantial change in circumstances.  It is important,

however, that all of this Court's bad faith serial filing precedent discussed bad acts of the

debtors over and above taking a second bite at the chapter 13 apple.  Those facts do not

appear in this case.

IT IS THEREFORE ORDERED that Creditors Motion is DENIED.


Columbia, S.C.
October 14, 2009